**ABBOTT LABORATORIES, Plaintiff–Appellee,**

v.

**ANDRX PHARMACEUTICALS, INC. and Roxane Laboratories, Inc., Defendants,**

and

**Teva Pharmaceuticals USA, Inc., Defendant–Appellant.**

**Abbott Laboratories, Plaintiff–Appellant,**

v.

**Andrx Pharmaceuticals, Inc. and Roxane Laboratories, Inc., Defendants,**

and

**Teva Pharmaceuticals USA, Inc., Defendant–Appellee.**

Nos. 05–1433, 05–1464.

United States Court of Appeals, Federal Circuit.

Aug. 18, 2005.

Before MICHEL, Chief Judge, NEWMAN and RADER, Circuit Judges.

*ORDER*

PAULINE NEWMAN, Circuit Judge.

Teva Pharmaceuticals USA, Inc. moves to dismiss Abbott Laboratories Inc.'s appeal no. 05–1464 for lack of jurisdiction. Abbott opposes.

Abbott sued Teva for infringement of several patents in the United States Dis-

trict Court for the Northern District of Illinois and moved for a preliminary injunction barring Teva's marketing of a generic antibiotic based on three patents. The district court granted the motion for a preliminary injunction on the basis of one patent, but not the other two.

Teva appealed from the injunction and Abbott cross-appealed, challenging the district court's decision with respect to the two patents that did not provide the basis for the injunction. Teva argues that because Abbott prevailed on its motion for a preliminary injunction, Abbott's cross-appeal cannot be maintained. We agree.

An "appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it." *United States v. American Ry. Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924); *see also Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 822 n. 1 (Fed.Cir.1989) ("Appellees always have the right to assert alternative grounds for affirming the judgment that are supported by the record."). Abbott cites *High Tech Medical Instrumentation v. New Image Industries, Inc.*, 49 F.3d 1551 (Fed.Cir.1995), however, that case is distinguishable. In that case, we restated the longstanding principle that: "[A] party need not cross-appeal to defend a judgment on a ground rejected below, [however,] that rule does not apply if acceptance of the rejected contention would result in a modification of the judgment." *Id.* at 1558. In *High Tech*, we concluded that a challenge to the district court's ruling on a claim that was not the basis for the grant of an injunction was not properly before the court absent a cross-appeal because "an injunction framed to grant relief from infringement of [that claim] would be dif-

ferent from, and in some respects broader than" the injunction being appealed.

Here, Abbott does not seek to reverse or modify the district court's injunction precluding Teva's marketing of its generic drug. Even if Abbott's alternative arguments were adopted, unlike the situation in *High Tech*, the injunction would not be changed. *See Bailey v. Dart Container Corp.*, 292 F.3d 1360, 1362 (Fed.Cir.2002) ("[A] party must file a cross-appeal when acceptance of the argument it wishes to advance would result in a reversal or modification of the judgment rather than an affirmance."). Thus a cross-appeal is not appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) Teva's motion to dismiss Abbott's appeal no. 05–1464 is granted.

(2) Each side shall bear its own costs pertaining to appeal no. 05–1464.

(3) The revised official caption for appeal no. 05–1433 is reflected above.

(4) Abbott's brief is due within 14 days of the date of filing of this order.